```
                 IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF KANSAS


DANIEL S. PRESSLER,                 )
                                    )
               Plaintiff,           )
                                    )   CIVIL ACTION
v.                                  )
                                    )   No. 07-4094-JAR-JTR
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
               Defendant.           )
_____)
```

### REPORT AND RECOMMENDATION

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423(hereinafter the Act). Finding error, the court recommends the Commissioner's decision be REVERSED and the case be REMANDED for further proceedings consistent with this opinion.

**I.   Background**

Plaintiff applied for disability insurance benefits on Sept. 9, 2004. (R. 55-57).[1] The application was denied initially (R. 34) and upon reconsideration (R. 33), and plaintiff sought a

---

[1] The ALJ stated that plaintiff filed his application on Jan. 6, 2005 (R. 13), but all documents in the record indicate the application was filed on Sept. 9, 2004. (R. 33, 34, 55-57, 58).

hearing before an Administrative Law Judge (ALJ).  (R. 13, 35). A hearing at which plaintiff was represented by an attorney was held on Dec. 19, 2006, and testimony was taken from plaintiff, a medical expert (Dr. Brahms), and a vocational expert.  (R. 13, 204, 205).  The ALJ issued a decision on Jan. 26, 2007 finding plaintiff is able to perform a significant number of jobs in the economy, and denying plaintiff's application.  (R. 13-19).

The ALJ found that plaintiff has not performed substantially gainful activity since the alleged onset of disability and that plaintiff has the "severe" impairment of lumbar disc disease, but that none of plaintiff's impairments singly or in combination meets or equals the severity of an impairment in the Listing of Impairments.  (R. 14).  The ALJ assessed plaintiff's residual functional capacity (RFC) (R. 15-16); finding plaintiff's allegations of symptoms "not totally credible" (R. 18); finding that she could not give great weight to the opinion of plaintiff's treating physician, Dr. Osborn (R. 16); and finding that the opinion of the medical expert, Dr. Brahms, "is consistent with and supported by the medical evidence of record." (R. 16).  She concluded that plaintiff is capable of performing a range of light work.  Id.  She found that plaintiff is unable to perform his past relevant work, but that he is able to perform work which exists in significant numbers in the economy, such as

a folding machine operator, a bench assembler, or a machine operator.

Plaintiff sought but was denied review of the decision by the Appeals Council.  (R. 6-9).  Therefore, the ALJ's decision is the final decision of the Commissioner.  (R. 6); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006).  Plaintiff now seeks judicial review of the decision.

**II.  Legal Standard**

The court's review is guided by the Act.  42 U.S.C. § 405(g).  Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but less than a preponderance, it is such evidence as a reasonable mind might accept to support a conclusion.  Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency."  White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Serv., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172

(10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d). The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. Id.

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R. § 404.1520 (2006); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity

since the alleged onset, whether he has severe impairments, and whether the severity of his impairments meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Id. at 750-51.  If plaintiff's impairments do not meet or equal the severity of a listing, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520.  This assessment is used at both step four and step five of the process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform his past relevant work, and whether he is able to perform other work in the national economy.  Williams, 844 F.2d at 751.  In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show other jobs in the national economy within plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred in assessing plaintiff's RFC: both in weighing the medical opinions of Drs. Brahms and Osborn, and in assessing the credibility of plaintiff's allegations of symptoms.  The Commissioner argues that substantial evidence supports the ALJ's RFC assessment (Comm'r Br. 4-5), and points to evidence in the record tending to support the ALJ's evaluation of

the medical opinions and her credibility determination.  (Comm'r Br. 6-10).  The court finds that the ALJ's findings are conclusory and without explanation or foundation in the record evidence, and that remand is necessary for the Commissioner (1) to properly weigh the medical opinions and explain with substantial evidence in the record how the medical expert's opinion outweighs the treating physician's opinion and (2) to closely and affirmatively link the credibility findings with substantial evidence in the record.

**III.  Analysis**

The court notes that the ALJ's errors with regard to both the evaluation of the medical opinions and the determination of credibility find their genesis in the same error.  The ALJ failed to summarize the evidence relevant to her decision, and made conclusory findings without citation to the evidence which supports her decision, without discussion of any contrary evidence, and without resolving ambiguities regarding the evidence.  The ALJ provided an abbreviated summary of plaintiff's testimony (R. 15); of the testimony of the nonexamining medical expert, Dr. Brahms (R. 16); of the opinion of plaintiff's treating physician, Dr. Osborn (R. 16); and of the testimony of the vocational expert.  (R. 17).  The decision contains no summary of the remaining evidence in the record, including the medical evidence.  For purposes of illustration, the court quotes

the ALJ's complete analysis regarding credibility and regarding the medical opinions of Drs. Brahms and Osborn:

> In evaluating the credibility of subjective complaints, the undersigned finds that claimant's complaints are not consistent with the medical signs and findings and reports and opinions of treating and examining physicians and are therefore not credible, as the evidence demonstrates that claimant has retained a significant capacity despite his alleged symptoms and limitations. Specifically, although the evidence describes lumbar disc disease, treatment has been limited and very conservative, mainly consisting of prescription pain medication. While an MRI confirms degenerative disc disease, there is no evidence of significant spinal canal stenosis or neural foraminal narrowing. Physical examination has shown pain to deep palpation over the left sacroiliac joint, decreased range of motion on flexion and extension, and positive straight leg raising, but strength and sensation have been intact and reflexes symmetrical. There is no evidence of significant or disabling adverse side effects of medication. The claimant has a good work history as an electric line builder but can no longer perform this job due to its heavy exertion requirements. He may not be highly motivated to seek other employment that would accommodate his reduced physical capacity. (Ex. 1F-8F).
>
> To further assess the severity of claimant's impairments, the undersigned obtained the testimony of a medical expert, Dr. Malcolm Brahms, M.D. Dr. Brahms testified that there was no objective evidence to support a diagnosis of a herniated disc. He disagreed with the August 2005 assessment of the treating physician, Dr. Robert Osborn, stating that there was no objective basis to support Dr. Osborn's opinion that claimant is disabled. In his opinion, the evidence would support a residual functional capacity for at least light work. The undersigned finds that the testimony of the medical expert is consistent with and supported by the medical evidence of record.
>
> * * *
>
> The undersigned has carefully considered the reports of claimant's treating physician, Dr. Osborn, that

>   variously state either that claimant is disabled or
>   that he is limited to at most some part-time sedentary
>   work.  However, the undersigned cannot give great
>   weight to these opinions because they are not
>   consistent with the medical signs and findings or the
>   testimony of the medical expert, Dr. Brahms, which
>   establish that claimant is capable of light work.

(R. 15-16).  The sole citation to the record in the quoted material--"(Ex. 1F-8F)"--encompasses <u>all</u> of the medical evidence in the case record, and is the only citation to the administrative record contained in the decision.

Understandably in the circumstances, both plaintiff's brief and that of the Commissioner provide extensive citation to the administrative record, and the parties argue either that the record evidence does not support the ALJ's conclusions (Plaintiff)(Pl. Br. 16-20, 22-25), or that the record evidence supports the ALJ's conclusions (Commissioner).  (Comm'r Br. 6-10).  Each party supports his position with record evidence.  However, the ALJ did not explain how she weighed the evidence, and the court may not weigh the evidence in the first instance. <u>Hackett</u>, 395 F.3d at 1172; <u>White</u>, 287 F.3d at 905; <u>Casias</u>, 933 F.2d at 800.  Neither may the court provide a post-hoc rationalization to justify the ALJ's decision.  <u>Grogan v. Barnhart</u>, 399 F.3d 1257, 1263 (10th Cir. 2005); <u>Allen v. Barnhart</u>, 357 F.3d 1140, 1145 (10th Cir. 2004).  Therefore, remand is necessary for the Commissioner to explain the decision, resolving the ambiguities in the evidence and tying the decision

to substantial evidence in the administrative record.  The court now discusses each allegation or error separately.

### A.  **Evaluation of Medical Opinions**

Regarding Dr. Osborn's opinion, plaintiff claims that with the exception of the testimony of the medical expert, "the ALJ does not reference any specific medical records, any objective findings or any examinations by date or exhibit number," and that the ALJ did not cite specific medical signs and findings that are inconsistent with Dr. Osborn's opinion.  (Pl. Br. 16).  The court agrees.  The ALJ rejected Dr. Osborn's opinions in part because "they are not consistent with the medical signs and findings."  (R. 16).  This is a conclusory finding without foundation in the evidence.  As plaintiff points out, the ALJ did not specify the medical signs and findings which are inconsistent with Dr. Osborn's opinions and did not even provide a pinpoint citation from which plaintiff or a reviewing court might glean information revealing medical signs and findings which are inconsistent with Dr. Osborn's opinions.

Here, the court is left to search the record, identify the medical signs and findings, determine which signs and findings are consistent with Dr. Osborn's opinions and which signs and findings are not consistent with Dr. Osborn's opinions, and weigh the evidence, all before performing its task of judicial review to determine whether the ALJ's conclusion is supported by

substantial evidence in the record as a whole.  However, it is the Commissioner's responsibility in the first instance to identify, evaluate, and weigh the evidence and determine whether plaintiff is disabled.  Thereafter, the court's duty is to determine whether <u>the Commissioner's decision</u> is supported by substantial evidence in the case record.  When the court must identify, evaluate, and explain the evidence which supports the Commissioner's decision, it risks violating the general rule against post hoc justification of administrative action.  <u>Allen</u>, 357 F.3d at 1145.  The ALJ erred by not explaining the basis for her finding regarding Dr. Osborn's opinions.

Likewise, the ALJ did not explain the evidentiary basis for her finding regarding Dr. Brahm's opinion.  She concluded that "the testimony of the medical expert is consistent with and supported by the medical evidence of record."  (R. 16).  But she pointed to no medical evidence in the record which supports and is consistent with Dr. Brahm's opinion.  The court may not provide a post hoc justification for the conclusion, and remand is necessary for the Commissioner to explain the evidentiary basis for her conclusions regarding the medical opinions.

Moreover, the ALJ rejected the opinion of Dr. Osborn, a treating physician, and gave great weight to the opinion of Dr. Brahm, the medical expert who had reviewed the medical records

but had not examined or treated plaintiff.[2]  The law in the Tenth Circuit requires that if the opinion of a nonexamining source is to be accepted over that of a treating source,

> the ALJ's task is to examine the other physicians' reports "to see if [they] 'outweigh[]' the treating physician's report, not the other way around." Reyes v. Bowen, 845 F.2d 242, 245 (10th Cir. 1988).  The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled. Frey[ v. Bowen], 816 F.2d [508, 513 (10th Cir. 1987)].

Goatcher v. Dep't of Health & Human Serv., 52 F.3d 288, 289-90 (10th Cir. 1995).  Here, the ALJ did not provide the necessary evidentiary justification to find Dr. Brahm's opinion outweighs the opinion of Dr. Osborn, a treating physician.  On remand, the Commissioner must properly assess the medical source opinions in accordance with Tenth Circuit law.

### B.   **Credibility Determination**

An ALJ's credibility determination is generally treated as binding on review.  Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990).  "Credibility determinations are peculiarly the province of the finder of fact." Diaz v. Sec'y of Health & Human Serv., 898 F.2d 774, 777 (10th Cir. 1990).  Therefore, in reviewing the ALJ's credibility determination, the court will

---

[2]The ALJ stated only that she could not give "great weight" to Dr. Osborn's opinion, but did not specifically state the weight given either opinion.  In context it is clear from the decision, however, that the nonexamining physician's opinion was accepted and the treating physician's opinion was rejected.

-11-

usually "defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility." Casias, 933 F.2d at 801.  However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988).

    The ALJ noted plaintiff's testimony that treatment for his low back pain had included lumbar injections, a TENS unit, heating pads, and prescription pain medication.  (R. 15). Moreover, the medical records reveal that treatment was to include physical therapy, a TENS unit trial, epidural steroid injections, and prescription pain medications.  (R. 162-63). Nonetheless, the ALJ concluded that "treatment has been limited and very conservative, mainly consisting of prescription pain medication."  (R. 15).  This appears to be a medical conclusion (physical therapy, lumbar injections, TENS unit, heating pads, and pain medication is a _limited_ and _very_ conservative treatment course for low back pain) which the ALJ does not have the expertise to make and for which she provided no citation to the record or to other medical authority.  Sisco v. Dep't of Health and Human Serv., 10 F.3d 739, 744 (10th Cir. 1993)(error to make medical assumption without citation); Miller v. Chater, 99 F.3d 972, 977 (10th Cir 1996)(ALJ oversteps his bounds into the province of medicine when making a medical determination); Frost,

ex rel. Frost v. Astrue, No. 07-4056-JAR, 2008 WL 1924126 at *13 (D. Kan. Apr. 29, 2008)(ALJ not qualified to make medical judgments or inferences).

The ALJ stated, "While an MRI confirms degenerative disc disease, there is no evidence of significant spinal canal stenosis or neural foraminal narrowing.  Physical examination has shown pain to deep palpation over the left sacroiliac joint, decreased range of motion on flexion and extension, and positive straight leg raising, but strength and sensation have been intact and reflexes symmetrical."  (R. 15-16).  However, she did not explain how these facts tend to lead to the conclusion that plaintiff's allegations are not credible.  She did not cite medical authority for the proposition that "significant spinal canal stenosis or neural foraminal narrowing" are necessary conditions precedent to symptoms as alleged by plaintiff, or for the proposition that intact strength and sensation and symmetrical reflexes are findings which tend to preclude symptoms as alleged by plaintiff.

Moreover, the ALJ stated conclusions which she apparently believed supported or required a finding that plaintiff's allegations of symptoms are not credible, but she did not engage in any relative weighing of the facts, or assessment of the relative strength of the factors considered.  For example, she stated that "The claimant has a good work history as an electric

-13-

line builder but can no longer perform this job due to its heavy exertion requirements.  He may not be highly motivated to seek other employment that would accommodate his reduced physical capacity."  However, she did not explain how she concluded that plaintiff may not be highly motivated to seek other employment.  Perhaps she believes that plaintiff was highly compensated for his past work, that he is receiving other income due to his disability or from some other source, and that because of his impairments plaintiff is only capable of performing unskilled work which will provide significantly less remuneration than past work, and, therefore, plaintiff is not highly motivated to seek lower-paying work within his remaining capabilities.  The ALJ did not make such an analysis, and did not explain the evidence which would support that analysis.  The court may not and will not provide a rationale which the ALJ did not provide.

The court does not intend to imply that the facts as found by the ALJ cannot be used to support a finding of incredibility.  Rather, the ALJ stated bare conclusions without evidentiary support, without citation to medical authority for medical conclusions, and without explaining the analysis used to reach the conclusions.  In order for the court to review the decision, the Commissioner must explain his analysis sufficiently for the court to determine whether the correct legal standard was applied

and whether substantial evidence in the record as a whole supports the decision.

**IT IS THEREFORE RECOMMENDED** that the decision be REVERSED and judgment be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceeding consistent with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review.  Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 20th day of June 2008, at Wichita, Kansas.

              s/John Thomas Reid
              **JOHN THOMAS REID**
              **United States Magistrate Judge**